# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

2025 AUG -8 AM 9:53

MARGARET BOTKINS, CLERK
CHEYENNE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **CRIMINAL COMPLAINT** |
| v. | |
| JORGE CORDOVA-ARENAS, a/k/a Jorge Arenas-Cordova, | Case Number: 25-MJ-58-KHR |
| Defendant. | |

I, Pacer Lee, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On or about August 1, 2025, in the District of Wyoming, the Defendant, **JORGE CORDOVA-ARENAS, a/k/a Jorge Arenas-Cordova**, being an alien and having been previously excluded, removed, and deported from the United States on or about February 20, 2020, was found knowingly in the United States, without having received the express consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security, to reapply for admission to the United States.

In violation of 8 U.S.C. § 1326(a).

I further state that I am a Supervisory Detention and Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement and that this complaint is based on the following facts: *see attached sworn statement.*

Signature of Complainant
Pacer Lee

Sworn to and subscribed in person

| | | |
|---|---|---|
| 08-08-2025 at 9:33 a.m. | at | Cheyenne, Wyoming |
| Date | | City and State |
| HON. SCOTT P. KLOSTERMAN United States Magistrate Judge | | Signature of Judicial Officer |
| Name & Title of Judicial Officer | | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## SUPERVISORY DETENTION AND DEPORTATION OFFICER PACER LEE
## UNITED STATES V. JORGE CORDOVA-ARENAS

1.  I, Pacer Lee, am a Supervisory Detention and Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (hereafter referred to as ICE), assigned to the Cheyenne, Wyoming ICE office. This complaint is to establish probable cause and does not include all the facts in this case, that I know at this time.

2.  I have been employed as a Supervisory Detention and Deportation Officer with the Enforcement and Removal Operations office in Cheyenne, Wyoming since September 2020. I have over fifteen years' experience enforcing Immigration and Customs laws within the United States. I have successfully completed the Immigration and Customs Enforcement Detention and Removal Operations Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. Based on my training and experience in the investigation of federal immigration laws and my investigation of the facts outlined below, I have reason to believe that **Jorge Cordova-Arenas, a/k/a Jorge Arenas-Cordova,** is unlawfully present in the United States after having been previously removed from the United States by ICE.

3.  On or before August 1, 2025, **CORDOVA-ARENAS** was encountered at the Laramie County jail located in Cheyenne, Wyoming, subsequent to an arrest by the Laramie County Sheriff's Department for the offense of Unlawful Possession Controlled Substance and Interference with a Peace Officer. On August 1, 2025, ICE was notified by Laramie County Jail of the arrest of **CORDOVA-ARENAS** and a booking sheet received from Laramie County Jail indicated **CORDOVA-ARENAS'** country of birth is Mexico. On August 1, 2025, an immigration

detainer was placed on **CORDOVA-ARENAS**.

4.  On August 1, 2025, Customs and Border Protection (CBP) Officer Wiedenhoeft conducted an interview of **CORDOVA-ARENAS** at the Laramie County jail located in Cheyenne, Wyoming. Prior to the interview, **CORDOVA-ARENAS** was advised of his rights per *Miranda*, after which **CORDOVA-ARENAS** chose to waive those rights and answer questions without the presence of an attorney. **CORDOVA-ARENAS** provided a written sworn statement admitting his true identity to be **Jorge Cordova-Arenas**, stating that he is a citizen and national of Mexico who had previously been ordered removed and was subsequently removed to Mexico; and who had illegally re-entered the United States without authorization from the Attorney General of the United States, or his successor, the Secretary of Homeland Security.

5.  On August 2, 2025, I obtained a set of **CORDOVA-ARENAS'** fingerprints from the Laramie County jail. These fingerprint images were submitted to ICE's biometric identification system (IDENT) and were found to match the pre-existing immigration record associated with **CORDOVA-ARENAS.** These fingerprints were also submitted to the Next Generation Identification (NGI) system and were found to match a pre-existing record associated with **CORDOVA-ARENAS.**

6.  On August 2, 2025, I reviewed the Computer Linked Application Information Management System (CLAIMS) database and found no record or indication that **CORDOVA-ARENAS** had applied to either the Attorney General of the United States or his successor, the Secretary of Homeland Security, for permission to re-enter the United States after having been formally removed.

7.      On August 2, 2025, I reviewed the criminal history and the government form I-213 (Record of Deportable/Inadmissible Alien), related to **CORDOVA-ARENAS** which revealed: 1) a charge for Misdemeanor Interference with a Peace Officer, entered on July 31, 2025, in Laramie County, Wyoming, pending disposition for this charge; 2) a charge for Misdemeanor Unlawful Possession Controlled Substance, entered on July 31, 2025, in Laramie County, Wyoming, pending disposition for this charge; 3) an arrest for Felony Possession Controlled Substance Penalty Group 1 <1G on March 15, 2021, in Irving, Texas, Disposition Held; 4) a conviction for Misdemeanor Improper entry by alien, 8 USC 1325(a)(1), entered on February 20, 2020, in the Southern District of Texas, McAllen Division, for which the sentence imposed was time served.

8.      On August 5, 2025, I reviewed documents received via email from the Alien Registration File 213 550 635, pertaining to **CORDOVA-ARENAS**. The documents included: 1) a copy of the Notice and Order of Expedited Removal (form I-860), dated February 19, 2020, ordering **CORDOVA-ARENAS** be removed to Mexico; 2) a government form I-296 (Notice to Alien Ordered Removed) revealing **CORDOVA-ARENAS** had last been formally removed to Mexico at Hidalgo, Texas, on February 20, 2020 corresponding to that removal order.

9.      On August 2, 2025, I determined the following facts pertaining to the **CORDOVA-ARENAS**' flight risk and risk to the community: 1) **CORDOVA-ARENAS** stated that he had lived at his current address for approximately one (1) year but does not recall the address. **CORDOVA-ARENAS** stated that he has no family in the United States. **CORDOVA-ARENAS** stated that he is not married but has one child who currently resides with the mother of **CORDOVA-ARENAS** in the state of Zacatecas, Mexico. No information could be located that

would suggest the subject has ties to the State of Wyoming; 2) a complete review of **CORDOVA-ARENAS'** criminal history revealed that the subject has been charged with Possession of a Controlled Substance two (2) times.

## END OF AFFIDAVIT

## PENALTY SUMMARY

| | |
|---|---|
| **DEFENDANT NAME:** | JORGE CORDOVA-ARENAS, a/k/a Jorge Arenas-Cordova |
| **DATE:** | August 8, 2025 |
| **INTERPRETER NEEDED:** | Yes |
| **VICTIM(S):** | No |
| **OFFENSE/PENALTIES:** | **8 U.S.C. § 1326(a)**<br>(Illegal Reentry)<br><br>0-2 YEARS IMPRISONMENT<br>UP TO $250,000 FINE<br>UP TO 1 YEAR SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| **AGENT:** | Pacer Lee, DHS, ICE |
| **AUSA:** | Cameron J. Cook, United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1-5 Days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |